[799 NYS2d 267]

In the Matter of JOHN J. SOBOLEWSKI (Admitted as JOHN JACOB SOBOLEWSKI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 25, 2005

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*John J. Sobolewski*, Great Neck, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated July 1, 2004, containing two charges of professional misconduct both predicated upon his failure to satisfy a $114,935 judgment against him. By answer dated July 16, 2004, the respondent denied the allegations. During a preliminary conference on July 29, 2004, the respondent verbally withdrew his previous answer and admitted to the factual allegations. Following a hearing on the merits held on September 29, 2004, the Special Referee sustained the two charges. The Grievance Committee now moves to confirm the findings of the Special Referee, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent opposes the motion and requests that, should this Court confirm the Special Referee's findings, a hearing be held permitting him to submit evidence to ameliorate the punishment.

Charge One alleges that the respondent failed to satisfy a lawful monetary judgment entered against him in the United States District Court for the Eastern District of New York in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

On or about March 24, 1999, Irving L. Spanier commenced an action against the respondent to recover damages for breach of contract and or conversion, claiming that the respondent failed to pay him a share of an attorney's fee obtained by the respondent relating to the settlement of a personal injury matter handled by them jointly (*see Spanier v Sobolewski*, CV 99-1687 [JS]). On or about September 14, 2001, a jury verdict was rendered in favor of Spanier. On or about October 9, 2001, judgment was entered in the amount of $114,935 against the respondent. The respondent neither appealed, moved to vacate, nor satisfied the judgment.

Charge Two alleges that the respondent is guilty of violating Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22

NYCRR 1200.3 [a] [5], [7]), by failing to comply with the Grievance Committee's lawful directive.

On November 26, 2003, the Grievance Committee issued an admonition to the respondent pursuant to section 691.6 of this Court's rules (see 22 NYCRR 691.6) for failing to satisfy the judgment of the United States District Court for the Eastern District of New York in *Spanier v Sobolewski*. In the admonition, the respondent was directed to satisfy the judgment, at its current value, within 30 days of receiving the admonition. The respondent failed to do so. As of the date of the petition, the respondent had neither satisfied the judgment nor contacted the petitioner.

The credible evidence adduced and the reasonable inferences to be drawn therefrom support the Special Referee's findings in sustaining the two charges. Accordingly, the petitioner's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that, due to his financial situation, it would have been impossible for him to comply with the Grievance Committee's directive that he pay the judgment within 30 days. He fell back on his obligations because there were also short-term financial needs due to expenses that were incurred relative to the death of members of his family, specifically his mother, brother and sister.

The respondent's disciplinary history includes the following: (1) a letter of caution issued on May 15, 1988, by the Grievance Committee for the Tenth Judicial District, for his failure to satisfy a judgment against him until a complaint was filed, and for failing to cooperate with the Grievance Committee; (2) a letter of caution dated June 19, 2002, whereby he was sanctioned for failing to reregister with the Office of Court Administration until the Grievance Committee's sua sponte investigation; and (3) a letter of admonition issued May 3, 2004, issued for his failure to reregister with the Office of Court Administration for the period of 2002-2003.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, John J. Sobolewski, admitted as John Jacob Sobolewski, is suspended from the practice of law

for a period of two years, commencing August 25, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the said period of two years upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John J. Sobolewski, admitted as John Jacob Sobolewski, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if John J. Sobolewski, admitted as John Jacob Sobolewski, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and John J. Sobolewski, admitted as John Jacob Sobolewski, shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).